9755

CASSIDY v. HUTTO *ET AL.*

(93 S. E. 191.)

CHATTEL MORTGAGES—LANDLORD'S LIEN—PRIORITY.—The chattel mortgage, which defendant in possession of lands under recorded deed from plaintiff gave intervener on the crop for that year, for advances to make such crop, takes precedence over plaintiff landlord's lien under secret agreement of defendant to reconvey and hold as tenant of plaintiff.

Before HON. JOS. A. McCULLOUGH, special Judge, Lexington, November, 1916. Affirmed.

Action by C. L. Cassidy against J. F. Hutto; R. L. Lybrand & Co., Incorporated, intervening. From a judgment for intervener, plaintiff appeals.

*Messrs. A. D. Martin* and *Melton & Sturkie,* for appellant, cite: *As to landlord's lien for rent:* Civil Code, sec. 4162; 36 S. C. 277; 81 S. C. 464, 465. *Substitution of parol for prior written contract:* 81 S. C. 464; Rice's Eq. 108; 79 S. C. 141. *Notice to put on inquiry:* 101 S. C. 384; 36 S. C. 278; Civil Code, sec. 3513.

*Mr. C. M. Efird,* for respondent, cites: *As to rescission of contract of sale:* 18 A. & E. Enc. of L. (2d ed.) 168. *Lack of notice:* 22 S. C. 548; 67 S. C. 432.

*Mr. J. B. Wingard,* also for respondent.

July 13, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action begun in September, 1915, by C. L. Cassidy against J. F. Hutto for the purpose of collecting

rent alleged to be due Cassidy for the year 1915. Under the warrant of attachment issued, the sheriff took possession of the crops raised by Hutto on the land for the year 1915. After the crops were in possession of the sheriff R. L. Lybrand & Co., Incorporated, intervened, alleging that they had a mortgage on the crops for advances furnished Hutto to make the crops for 1915. Cassidy sold the lands in question to Hutto on September 23, 1913, and executed deed for same. This deed was recorded September 26, 1913. On February 25, 1915, Hutto executed to R. L. Lybrand & Co., Incorporated, a chattel mortgage on all the crops to be raised by him that year, and in the mortgage described the lands to be worked as his own, of which about 36 acres were cleared. This mortgage was indexed March 3, 1915. On September 15, 1915, Hutto conveyed the land back to Cassidy, which deed was recorded September 18, 1915. On September 15, 1915, the same day that the deed was executed, Cassidy and Hutto signed an agreement to the effect that Hutto should remain in possession of the lands until January 1, 1916, at which time the possession was to be surrendered to Cassidy by Hutto. After issue joined, the case was tried before Special Judge McCullough, and a jury, at the November term of Court, 1916, for Lexington county. Judge McCullough submitted certain issues to the jury, and the jury found in substance that in 1915 Hutto was in possession of the place as tenant of Cassidy; that Lybrand & Co. had no notice, at the time they took the chattel mortgage from Hutto, that Hutto had rented the place that year from Cassidy; and that the amount due on the Lybrand mortgage was $258.24. The findings of the jury were adopted by the Circuit Judge in his decree, who held that the Lybrand claim should be paid and Cassidy's claim come next. From this decree Cassidy appeals and alleges error.

The only question for this Court to determine is whether Lybrand & Co. are entitled in priority by their lien under

their chattel mortgage over the crops of Hutto as against the statutory landlord's rent lien of Cassidy for that year.

When Hutto gave the chattel mortgage to Lybrand & Co. he was in possession of the land under the deed from Cassidy duly executed and recorded in the proper office. Lybrand & Co. had the right to assume that Hutto was the owner of the land. The agreement between Hutto and Cassidy to reconvey the land back to Cassidy, not only was not on record, but was not in existence until long after the time Lybrand & Co. took their mortgage. Between the time that Cassidy gave the deed to Hutto; which was duly recorded, and made a verbal contract with Hutto to rent him the property for 1915, but did not take a deed or any writing until September 15, 1915, the claim and right of Lybrand & Co. intervened without notice of this changed relation by which Hutto became, not the owner of the land under the deed, but the tenant of Cassidy. Hutto and Cassidy by agreement between themselves could not, under the circumstances, change the relationship as made by the deed of grantor and grantee into that of landlord and tenant so as to defeat the supervening rights of Lybrand & Co.

The jury found, and the Judge concurred in that finding, that Lybrand & Co. had no notice of the verbal agreement between Cassidy and Hutto as to the rent for the year 1915, and that Lybrand & Co. took their mortgage from Hutto, who was in possession as purchaser under a deed on record, and regarded Hutto as the owner of land, and dealt with him as such.

Exceptions overruled.    Judgment affirmed.


MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.